C97dzelp

PLEA

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,                New York, N.Y.

4              v.                            S1 11 Cr. 614 (VM)

5   OSCAR ZELEDON,

6              Defendant.

7   ------------------------------x

8
                                             September 7, 2012
9                                            12:34 p.m.

10

    Before:
11
                        HON. JAMES C. FRANCIS IV
12
                                             Magistrate Judge
13

14                        APPEARANCES

15  PREET BHARARA
        United States Attorney for the
16      Southern District of New York
    BY:  PETER SKINNER
17      Assistant United States Attorney

18  JOSEPH J. FERRANTE
        Attorney for Defendant
19

20

21

22

23

24

25

C97dzelp

PLEA

1          THE COURT:  Good afternoon.  Please be seated.

2          THE CLERK:  U.S. v. Oscar Zeledon.

3          Counsel, please state your name for the record.

4          MR. SKINNER:  Good morning, your Honor.  Peter Skinner

5     for the government.  I am standing in for my colleague Daniel

6     Chung, who is the primary assistant on this case.

7          MR. FERRANTE:  Good morning, your Honor.  For Mr.

8     Zeledon, Joseph Ferrante.

9          THE COURT:  Good afternoon.

10         Mr. Zeledon, I'm Judge Francis.  You are charged, in

11    Count Six of the Indictment, with violation of Title 18 of the

12    United States Code, Section 371, which makes it an offense to

13    conspire to commit a federal crime, in this case the underlying

14    crime being visa fraud.

15         You have the right to enter your plea before a United

16    States district judge.  However, a United States magistrate

17    judge may also take your plea provided that you consent to that

18    procedure.

19         I have before me a consent form.  Have you read and do

20    you understand that form and did you sign it?

21         THE DEFENDANT:  Yes, your Honor.

22         THE COURT:  I am going to ask you some questions in

23    connection with your plea.  Please raise your right hand.

24         Do you wear swear that the testimony you shall give

25    this Court shall be the truth, the whole truth, and nothing but

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

C97dzelp

PLEA

1   the truth, so help you God?

2           THE DEFENDANT:  I swear.

3           THE COURT:  Please state your full name.

4           THE DEFENDANT:  Oscar Zeledon, Oscar Humberto Zeledon.

5           THE COURT:  And how far have you gone in school?

6           THE DEFENDANT:  I have a Bachelor's in Business

7   Administration in connection with business.

8           THE COURT:  Are you now or have you recently been

9   under the care of a doctor or psychiatrist for any reason?

10          THE DEFENDANT:  Yes.  I saw a psychiatrist in here in

11  prison for depression, and, also, I had surgery about a month

12  ago.  I break my bicep tendon, broke the bone, and they took me

13  to get surgery.  They reattached the tendon.

14          THE COURT:  With respect to the depression issue, are

15  you taking any medications?

16          THE DEFENDANT:  Yes.  It is called Wellbutrin.

17          THE COURT:  Does that affect your ability to

18  understand these proceedings in any way?

19          THE DEFENDANT:  No, sir.

20          THE COURT:  Have you taken it as prescribed?

21          THE DEFENDANT:  Yes, sir.

22          THE COURT:  Are you feeling all right today?

23          THE DEFENDANT:  I am OK.  Thank you.

24          THE COURT:  Have you ever been treated for alcoholism

25  or drug addiction?

C97dzelp

PLEA

1        THE DEFENDANT:  No.

2        THE COURT:  Have you received a copy of the

3   Indictment, the document that charges you?

4        THE DEFENDANT:  Yes.

5        THE COURT:  Have you read it and do you understand

6   what it says that you did?

7        THE DEFENDANT:  Yes, I do.

8        THE COURT:  Do you need me to read it to you?

9        THE DEFENDANT:  No, sir.  I understand.

10        THE COURT:  Have you had time to talk to your attorney

11   about the charges and about how you wish to plead?

12        THE DEFENDANT:  Yes, sir.

13        THE COURT:  Are you satisfied with your attorney?

14        THE DEFENDANT:  Yes, I am.

15        THE COURT:  Are you ready to plead at this time?

16        THE DEFENDANT:  Yes, sir.

17        THE COURT:  And what is your plea to Count Six?

18        THE DEFENDANT:  Guilty.

19        THE COURT:  I need to determine whether your plea of

20   guilty is voluntary and whether you fully understand the

21   charges against you and the possible consequences of the plea,

22   so I am going to ask you some additional questions.

23        I remind you that the charge against you is conspiracy

24   to commit visa fraud.  The law provides as a penalty a term of

25   imprisonment of up to five years, a term of supervised release

C97dzelp

PLEA

1    of up to two years, a maximum fine which is the greatest of

2    $250,000 or twice any gain derived from the offense or twice

3    any loss to persons other than yourself as a result of the

4    offense, and a mandatory $100 special assessment.

5              Do you understand those penalties?

6              THE DEFENDANT:  Yes, sir.

7              THE COURT:  Do you understand that if you are

8    sentenced to prison and released on supervise release and you

9    violate the terms of supervised release, you would be returned

10   to prison without credit for the time spent on supervised

11   release?  Do you understand that?

12             THE DEFENDANT:  I understand.

13             THE COURT:  Do you understand that if you are not a

14   United States citizen, you would be subject to deportation on

15   the basis of your plea?

16             THE DEFENDANT:  Yes, sir, I understand.

17             THE COURT:  Do you understand that you have the right

18   to plead not guilty and the right t a jury trial on these

19   charges?

20             THE DEFENDANT:  Yes, your Honor.

21             THE COURT:  Do you understand that if you plead not

22   guilty and you go to trial, the burden would be on the

23   government to prove your guilt beyond a reasonable doubt?

24             THE DEFENDANT:  I understand.

25             THE COURT:  Do you understand that at a trial you

C97dzelp
                                PLEA

1   would be presumed innocent until the government proves your

2   guilt?

3              THE DEFENDANT:  I understand.

4              THE COURT:  Do you understand that you have the right

5   to be represented by an attorney at trial and at all other

6   stages of the proceedings and, if necessary, an attorney would

7   be appointed for you?

8              THE DEFENDANT:  Yes, sir.

9              THE COURT:  Do you understand that at a trial you

10  would have the right to confront and question any witnesses who

11  testify against you and the right not to be forced to testify

12  against yourself?

13             THE DEFENDANT:  Yes, sir.

14             THE COURT:  Do you understand that at a trial you

15  would be entitled to testify in your own behalf, to present

16  evidence, to call witnesses to testify, and to subpoena those

17  witnesses, if necessary?

18             THE DEFENDANT:  Yes, sir.

19             THE COURT:  Do you understand that if you plead guilty

20  there will be no trial of any kind, and the trial-related

21  rights that I have just described would no longer apply and the

22  only remaining step will be for the Court to sentence you?

23             THE DEFENDANT:  Yes, sir.

24             THE COURT:  Do you understand the nature of the charge

25  to which you are pleading?

C97dzelp

PLEA

1        THE DEFENDANT:  Yes, sir.

2        THE COURT:  Do you understand the range of penalties,

3   including the maximum sentence that you could receive on the

4   basis of your plea?

5        THE DEFENDANT:  Yes, sir.

6        THE COURT:  Have you and your attorney talked about

7   how the Sentencing Commission Guidelines might apply to your

8   case?

9        THE DEFENDANT:  Yes, sir.

10       THE COURT:  Do you understand that the Court will not

11   be able to determine the guidelines for your case until a

12   presentence report has been prepared and you and the government

13   have had the opportunity to challenge any facts reported there?

14       THE DEFENDANT:  Yes, sir.

15       THE COURT:  Do you understand that after it has been

16   determined what guidelines apply, the Court has authority in

17   some circumstances to impose a sentence that is either more

18   severe or less severe than that called for by the guidelines?

19       THE DEFENDANT:  Yes, sir.

20       THE COURT:  Do you understand that in determining the

21   sentence, the Court will consider, in addition to the

22   guidelines and possible departures from those guidelines, all

23   of the factors set forth in the statute that is 18 United

24   States Code, Section 3553(a)?

25       THE DEFENDANT:  Yes, sir.

C97dzelp

PLEA

1      THE COURT:  Do you understand that under some

2  circumstances you or the government may have the right to

3  appeal the sentence that's imposed?

4      THE DEFENDNAT:  Yes, sir.

5      THE COURT:  Do you understand that there is no parole

6  and that if you are sentenced to prison you will not be

7  released on parole?

8      THE DEFENDANT:  Yes, sir.

9      THE COURT:  Do you understand that the answers you

10  give to me today under oath may in the future be used against

11  you in a prosecution for perjury or false statement if you do

12  not tell the truth?

13      THE DEFENDANT:  Yes, sir.

14      THE COURT:  Do you still wish to plead guilty?

15      THE DEFENDANT:  Yes, sir.

16      THE COURT:  Have any threats been made to you by

17  anyone to influence you to plead guilty?

18      THE DEFENDNAT:  No, sir.

19      THE COURT:  Have any promises been made to you

20  concerning the sentence you would receive?

21      THE DEFENDANT:  No, sir.

22      THE COURT:  Now, I have before me a plea agreement

23  dated August the 30th, 2012.  Have you read and do you

24  understand that plea agreement and did you sign it?

25      THE DEFENDANT:  Yes, sir.  I did.

C97dzelp

PLEA

1          THE COURT:  Now, that plea agreement contains a

2   sentencing guideline calculation.  You understand that if you

3   are sentenced within or below the guideline range indicated,

4   that you agree not to appeal or otherwise challenge your

5   sentence?

6          THE DEFENDANT:  Yes, sir.

7          THE COURT:  Do you also understand that you are

8   agreeing that a sentence within that guideline range would be a

9   reasonable sentence under the law?

10          THE DEFENDANT:  Yes, sir.

11          THE COURT:  Do you understand that you are agreeing

12   not to appeal or challenge your conviction on the ground that

13   the government has failed to produce discovery material or

14   information that might tend to prove your innocence?

15          THE DEFENDANT:  Yes, sir.

16          THE COURT:  Do you understand that if your plea is

17   vacated for any reason, you are agreeing not to challenge any

18   future prosecution on the ground that it is time-barred?

19          THE DEFENDANT:  Yes, sir.

20          THE COURT:  Now, apart from what is contained in that

21   plea agreement, has anyone made any promises to you whatsoever

22   in connection with your plea?

23          THE DEFENDANT:  No, sir.

24          THE COURT:  Does the government wish to set forth on

25   the record the elements it would prove at trial?

C97dzelp

PLEA

1          MR. SKINNER:  Yes, your Honor.  Thank you.

2          The defendant has been charged in one count with

3     committing visa fraud conspiracy.

4          There are three elements to a conspiracy.  The first

5     is that two or more persons entered into an unlawful agreement,

6     the one that's set forth in the Indictment.  The second is that

7     the defendant willingly joined the conspiracy or entered into

8     the agreement.  The third is that an overt act in furtherance

9     of the conspiracy was committed by the defendant or one of his

10    co-conspirators.

11         The object of this conspiracy, as I mentioned before,

12    was visa fraud.  There are five elements to the visa fraud

13    statute, which is 18 U.S.C., Section 1326(a).  The first is

14    that the defendant or a co-conspirator made a false statement

15    as alleged in the Indictment.  The second is that the statement

16    was made in a document required by immigration law that was for

17    regulation.  The third is that the statement was made under

18    oath.  Fourth, the statement was false as to a material fact;

19    and, fifth, the defendant or a co-conspirator knew that the

20    statement was false when made.

21         THE COURT:  Thank you.

22         Mr. Zeledon, you understand that if you were to go to

23    trial the government would have to prove those elements beyond

24    a reasonable doubt?

25         THE DEFENDANT:  Yes, sir.

C97dzelp

PLEA

1    THE COURT:  Is your plea voluntary and made of your

2  own free will?

3    THE DEFENDANT:  Yes, sir.

4    THE COURT:  Did you commit the offense charged?

5    THE DEFENDANT:  Yes, sir.

6    THE COURT:  Tell me what you did.

7    THE DEFENDANT:  Between 2008 and 2011, I helped give a

8  job offer to a non-immigrant -- I assisted to give a job offer

9  to a non-immigrant to get a visa to come to the United States.

10    THE COURT:  And what was it that you -- what was it

11  that was false about that?

12    THE DEFENDANT:  It wasn't coming to work for my

13  company.

14    THE COURT:  All right.  So you made representations in

15  connection with the visa application that this person was going

16  to come work for your company and in fact he was not?

17    THE DEFENDANT:  Yes, sir.

18    THE COURT:  And do you know where that application was

19  submitted?

20    THE DEFENDANT:  Yes, sir.

21    THE COURT:  Where?

22    THE DEFENDANT:  It was submitted somewhere in -- there

23  was a company that called me, the people that give the J1's.  I

24  don't remember.  I don't recall right now.

25    THE COURT:  OK.  And at the time you did that, you

C97dzelp
PLEA

1   knew what you were doing was illegal?

2           THE DEFENDANT:  I'm sorry?

3           THE COURT:  You knew what you were doing was illegal

4   when you did that?

5           THE DEFENDANT:  Yes.

6           THE COURT:  Does the government have any other

7   questions it wish be asked?

8           MR. SKINNER:  No other questions, your Honor.  I would

9   make a factual proffer as to venue.

10           The government proffers that it can prove at trial,

11   beyond a reasonable doubt through the testimony of cooperating

12   witnesses and law enforcement witnesses who participated in the

13   underlying investigation as well as wiretap evidence on which

14   the defendant himself was overheard or in which the defendant

15   himself was referenced by his co-conspirators, that what

16   happened in this case was the Eastern European women were

17   brought into the United States and ended up working at strip

18   bars, some of which were located in Manhattan, and they falsely

19   represented under oath on their J1 visa applications that they

20   had jobs at the defendant's company when they did not in fact

21   work there.  We would proffer that several of these women who

22   were co-conspirators, that they also made false statements as

23   part of the visa application, worked in Manhattan after coming

24   into New York.

25           THE COURT:  Thank you.

C97dzelp
PLEA

1       Do you know of any reason why the defendant should not

2   plead guilty?

3       MR. SKINNER:  I do not, your Honor.

4       THE COURT:  Mr. Ferrante, do you know of any such

5   reason?

6       MR. FERRANTE:  I do not, your Honor.  Thank you.

7       THE COURT:  I am satisfied that the defendant

8   understands the nature of the charges against him and the

9   consequences of a plea of guilty.  I am also satisfied that the

10  plea is voluntary and knowing and that there is a factual basis

11  for it.  I will therefore recommend that Judge Marrero accept

12  the defendant's plea to Count Six of the Indictment.

13      Do we have a sentencing date?

14      MR. SKINNER:  We do not, your Honor.  I believe

15  defense counsel has an application with regard to the

16  sentencing date.

17      MR. FERRANTE:  I do, your Honor.

18      I have been in contact with the A.U.S.A.'s on this

19  case, and Mr. Zeledon has been in custody on this case because

20  there is a deportation hold on him, or I should say an

21  immigration hold on him.  He's now working with immigration

22  attorneys that have waivers in, and we agree that we would

23  expedite the sentencing and the presentence report to the best

24  that we could do it.  So I would ask if you put on the record

25  that the PSI be done as quickly as possible and that sentencing

C97dzelp

PLEA

1   be done on an expedited basis, because there is a good

2   likelihood that the time that he'll be in at this point will be

3   very close to or less than the agreed upon sentence, so we

4   don't want to go too far past that date.

5          THE COURT:  I understand.  I can certainly indicate to

6   Probation that the Pretrial Services -- I'm sorry, that the

7   presentence report should be expedited, which I am doing.

8          Why don't we set a control date that is a short way

9   out, and that way you can be in touch with Judge Marrero's

10  chambers and try and expedite the sentence.

11         MR. FERRANTE:  That would be great.

12         THE COURT:  Say a month?

13         MR. FERRANTE:  Perfect.

14         THE COURT:  October the 5th, then, as a control date.

15         And can the government provide the case statement to

16  Probation within the next two weeks?

17         MR. SKINNER:  Yes, we can, your Honor.  And we'll also

18  request an expedited transcript of the plea so that we can get

19  that in.

20         THE COURT:  Very well.  Thank you.

21         And, Mr. Ferrante, can you be available for your

22  client's interview within that period?

23         MR. FERRANTE:  I will, your Honor.  Thank you.

24         THE COURT:  And I take it there are no requests with

25  respect to conditions of release at this point?

C97dzelp
                                   PLEA

1            MR. FERRANTE:  No, your Honor.

2            MR. SKINNER:  No, your Honor.

3            THE COURT:  Thank you, all.

4

5                               -   -   -

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25