```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/5/12
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA            :

   - v. -                           :     **ORDER**

OSCAR ZELEDON,                      :     S1 11 Cr. 614 (VM)

          Defendant.              :

- - - - - - - - - - - - - - - - - x

      WHEREAS, with defendant OSCAR ZELEDON's consent, his guilty plea allocution was taken before United States Magistrate Judge James C. Francis IV on September 7, 2012;

      WHEREAS a transcript of the allocution was made and thereafter was transmitted to the District Court; and

      WHEREAS, upon review of that transcript, this Court has determined that the defendant entered the guilty plea knowingly and voluntarily, and that there was a factual basis for the guilty plea;

      IT IS HEREBY ORDERED that the defendant's guilty plea is accepted.

Dated: New York, New York
      October ____, 2012

                                    HON. VICTOR MARRERO
                                    United States District Judge
                                    Southern District of New York

C97dzelp
                              PLEA

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,                 New York, N.Y.

4              v.                             S1 11 Cr. 614 (VM)

5   OSCAR ZELEDON,

6              Defendant.

7   ------------------------------x

8
                                              September 7, 2012
9                                             12:34 p.m.

10
    Before:
11
                    HON. JAMES C. FRANCIS IV
12
                                     Magistrate Judge
13

14                       APPEARANCES

15  PREET BHARARA
         United States Attorney for the
16       Southern District of New York
    BY:  PETER SKINNER
17       Assistant United States Attorney

18  JOSEPH J. FERRANTE
         Attorney for Defendant
19

20

21

22

23

24

25

                SOUTHERN DISTRICT REPORTERS, P.C.
                         (212) 805-0300

C97dzelp
PLEA

1      THE COURT:  Good afternoon.  Please be seated.
2      THE CLERK:  U.S. v. Oscar Zeledon.
3      Counsel, please state your name for the record.
4      MR. SKINNER:  Good morning, your Honor.  Peter Skinner
5  for the government.  I am standing in for my colleague Daniel
6  Chung, who is the primary assistant on this case.
7      MR. FERRANTE:  Good morning, your Honor.  For Mr.
8  Zeledon, Joseph Ferrante.
9      THE COURT:  Good afternoon.
10     Mr. Zeledon, I'm Judge Francis.  You are charged, in
11 Count Six of the Indictment, with violation of Title 18 of the
12 United States Code, Section 371, which makes it an offense to
13 conspire to commit a federal crime, in this case the underlying
14 crime being visa fraud.
15     You have the right to enter your plea before a United
16 States district judge.  However, a United States magistrate
17 judge may also take your plea provided that you consent to that
18 procedure.
19     I have before me a consent form.  Have you read and do
20 you understand that form and did you sign it?
21     THE DEFENDANT:  Yes, your Honor.
22     THE COURT:  I am going to ask you some questions in
23 connection with your plea.  Please raise your right hand.
24     Do you wear swear that the testimony you shall give
25 this Court shall be the truth, the whole truth, and nothing but

Case 1:11-cr-00614-VM   Document 176   Filed 10/05/12   Page 4 of 16

3

```
C97dzelp
                           PLEA
```

1    the truth, so help you God?
2             THE DEFENDANT:  I swear.
3             THE COURT:  Please state your full name.
4             THE DEFENDANT:  Oscar Zeledon, Oscar Humberto Zeledon.
5             THE COURT:  And how far have you gone in school?
6             THE DEFENDANT:  I have a Bachelor's in Business
7    Administration in connection with business.
8             THE COURT:  Are you now or have you recently been
9    under the care of a doctor or psychiatrist for any reason?
10            THE DEFENDANT:  Yes.  I saw a psychiatrist in here in
11   prison for depression, and, also, I had surgery about a month
12   ago.  I break my bicep tendon, broke the bone, and they took me
13   to get surgery.  They reattached the tendon.
14            THE COURT:  With respect to the depression issue, are
15   you taking any medications?
16            THE DEFENDANT:  Yes.  It is called Wellbutrin.
17            THE COURT:  Does that affect your ability to
18   understand these proceedings in any way?
19            THE DEFENDANT:  No, sir.
20            THE COURT:  Have you taken it as prescribed?
21            THE DEFENDANT:  Yes, sir.
22            THE COURT:  Are you feeling all right today?
23            THE DEFENDANT:  I am OK.  Thank you.
24            THE COURT:  Have you ever been treated for alcoholism
25   or drug addiction?

(212) 805-0300

C97dzelp
PLEA

1          THE DEFENDANT:  No.

2          THE COURT:  Have you received a copy of the

3  Indictment, the document that charges you?

4          THE DEFENDANT:  Yes.

5          THE COURT:  Have you read it and do you understand

6  what it says that you did?

7          THE DEFENDANT:  Yes, I do.

8          THE COURT:  Do you need me to read it to you?

9          THE DEFENDANT:  No, sir.  I understand.

10         THE COURT:  Have you had time to talk to your attorney

11  about the charges and about how you wish to plead?

12         THE DEFENDANT:  Yes, sir.

13         THE COURT:  Are you satisfied with your attorney?

14         THE DEFENDANT:  Yes, I am.

15         THE COURT:  Are you ready to plead at this time?

16         THE DEFENDANT:  Yes, sir.

17         THE COURT:  And what is your plea to Count Six?

18         THE DEFENDANT:  Guilty.

19         THE COURT:  I need to determine whether your plea of

20  guilty is voluntary and whether you fully understand the

21  charges against you and the possible consequences of the plea,

22  so I am going to ask you some additional questions.

23         I remind you that the charge against you is conspiracy

24  to commit visa fraud.  The law provides as a penalty a term of

25  imprisonment of up to five years, a term of supervised release

1   of up to two years, a maximum fine which is the greatest of
2   $250,000 or twice any gain derived from the offense or twice
3   any loss to persons other than yourself as a result of the
4   offense, and a mandatory $100 special assessment.
5           Do you understand those penalties?
6           THE DEFENDANT:  Yes, sir.
7           THE COURT:  Do you understand that if you are
8   sentenced to prison and released on supervise release and you
9   violate the terms of supervised release, you would be returned
10  to prison without credit for the time spent on supervised
11  release?  Do you understand that?
12          THE DEFENDANT:  I understand.
13          THE COURT:  Do you understand that if you are not a
14  United States citizen, you would be subject to deportation on
15  the basis of your plea?
16          THE DEFENDANT:  Yes, sir, I understand.
17          THE COURT:  Do you understand that you have the right
18  to plead not guilty and the right t a jury trial on these
19  charges?
20          THE DEFENDANT:  Yes, your Honor.
21          THE COURT:  Do you understand that if you plead not
22  guilty and you go to trial, the burden would be on the
23  government to prove your guilt beyond a reasonable doubt?
24          THE DEFENDANT:  I understand.
25          THE COURT:  Do you understand that at a trial you

1  would be presumed innocent until the government proves your
2  guilt?
3            THE DEFENDANT: I understand.
4            THE COURT: Do you understand that you have the right
5  to be represented by an attorney at trial and at all other
6  stages of the proceedings and, if necessary, an attorney would
7  be appointed for you?
8            THE DEFENDANT: Yes, sir.
9            THE COURT: Do you understand that at a trial you
10 would have the right to confront and question any witnesses who
11 testify against you and the right not to be forced to testify
12 against yourself?
13           THE DEFENDANT: Yes, sir.
14           THE COURT: Do you understand that at a trial you
15 would be entitled to testify in your own behalf, to present
16 evidence, to call witnesses to testify, and to subpoena those
17 witnesses, if necessary?
18           THE DEFENDANT: Yes, sir.
19           THE COURT: Do you understand that if you plead guilty
20 there will be no trial of any kind, and the trial-related
21 rights that I have just described would no longer apply and the
22 only remaining step will be for the Court to sentence you?
23           THE DEFENDANT: Yes, sir.
24           THE COURT: Do you understand the nature of the charge
25 to which you are pleading?

C97dzelp
PLEA

1      THE DEFENDANT: Yes, sir.

2      THE COURT: Do you understand the range of penalties,
3  including the maximum sentence that you could receive on the
4  basis of your plea?

5      THE DEFENDANT: Yes, sir.

6      THE COURT: Have you and your attorney talked about
7  how the Sentencing Commission Guidelines might apply to your
8  case?

9      THE DEFENDANT: Yes, sir.

10     THE COURT: Do you understand that the Court will not
11 be able to determine the guidelines for your case until a
12 presentence report has been prepared and you and the government
13 have had the opportunity to challenge any facts reported there?

14     THE DEFENDANT: Yes, sir.

15     THE COURT: Do you understand that after it has been
16 determined what guidelines apply, the Court has authority in
17 some circumstances to impose a sentence that is either more
18 severe or less severe than that called for by the guidelines?

19     THE DEFENDANT: Yes, sir.

20     THE COURT: Do you understand that in determining the
21 sentence, the Court will consider, in addition to the
22 guidelines and possible departures from those guidelines, all
23 of the factors set forth in the statute that is 18 United
24 States Code, Section 3553(a)?

25     THE DEFENDANT: Yes, sir.

PLEA

1       THE COURT:  Do you understand that under some
2  circumstances you or the government may have the right to
3  appeal the sentence that's imposed?
4       THE DEFENDNAT:  Yes, sir.
5       THE COURT:  Do you understand that there is no parole
6  and that if you are sentenced to prison you will not be
7  released on parole?
8       THE DEFENDANT:  Yes, sir.
9       THE COURT:  Do you understand that the answers you
10 give to me today under oath may in the future be used against
11 you in a prosecution for perjury or false statement if you do
12 not tell the truth?
13      THE DEFENDANT:  Yes, sir.
14      THE COURT:  Do you still wish to plead guilty?
15      THE DEFENDANT:  Yes, sir.
16      THE COURT:  Have any threats been made to you by
17 anyone to influence you to plead guilty?
18      THE DEFENDNAT:  No, sir.
19      THE COURT:  Have any promises been made to you
20 concerning the sentence you would receive?
21      THE DEFENDANT:  No, sir.
22      THE COURT:  Now, I have before me a plea agreement
23 dated August the 30th, 2012.  Have you read and do you
24 understand that plea agreement and did you sign it?
25      THE DEFENDANT:  Yes, sir.  I did.

PLEA

THE COURT: Now, that plea agreement contains a sentencing guideline calculation. You understand that if you are sentenced within or below the guideline range indicated, that you agree not to appeal or otherwise challenge your sentence?

THE DEFENDANT: Yes, sir.

THE COURT: Do you also understand that you are agreeing that a sentence within that guideline range would be a reasonable sentence under the law?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand that you are agreeing not to appeal or challenge your conviction on the ground that the government has failed to produce discovery material or information that might tend to prove your innocence?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand that if your plea is vacated for any reason, you are agreeing not to challenge any future prosecution on the ground that it is time-barred?

THE DEFENDANT: Yes, sir.

THE COURT: Now, apart from what is contained in that plea agreement, has anyone made any promises to you whatsoever in connection with your plea?

THE DEFENDANT: No, sir.

THE COURT: Does the government wish to set forth on the record the elements it would prove at trial?

C97dzelp
PLEA

1    MR. SKINNER:  Yes, your Honor.  Thank you.

2    The defendant has been charged in one count with

3    committing visa fraud conspiracy.

4    There are three elements to a conspiracy.  The first

5    is that two or more persons entered into an unlawful agreement,

6    the one that's set forth in the Indictment.  The second is that

7    the defendant willingly joined the conspiracy or entered into

8    the agreement.  The third is that an overt act in furtherance

9    of the conspiracy was committed by the defendant or one of his

10   co-conspirators.

11   The object of this conspiracy, as I mentioned before,

12   was visa fraud.  There are five elements to the visa fraud

13   statute, which is 18 U.S.C., Section 1326(a).  The first is

14   that the defendant or a co-conspirator made a false statement

15   as alleged in the Indictment.  The second is that the statement

16   was made in a document required by immigration law that was for

17   regulation.  The third is that the statement was made under

18   oath.  Fourth, the statement was false as to a material fact;

19   and, fifth, the defendant or a co-conspirator knew that the

20   statement was false when made.

21   THE COURT:  Thank you.

22   Mr. Zeledon, you understand that if you were to go to

23   trial the government would have to prove those elements beyond

24   a reasonable doubt?

25   THE DEFENDANT:  Yes, sir.

1   THE COURT:  Is your plea voluntary and made of your
2   own free will?
3   THE DEFENDANT:  Yes, sir.
4   THE COURT:  Did you commit the offense charged?
5   THE DEFENDANT:  Yes, sir.
6   THE COURT:  Tell me what you did.
7   THE DEFENDANT:  Between 2008 and 2011, I helped give a
8   job offer to a non-immigrant -- I assisted to give a job offer
9   to a non-immigrant to get a visa to come to the United States.
10  THE COURT:  And what was it that you -- what was it
11  that was false about that?
12  THE DEFENDANT:  It wasn't coming to work for my
13  company.
14  THE COURT:  All right.  So you made representations in
15  connection with the visa application that this person was going
16  to come work for your company and in fact he was not?
17  THE DEFENDANT:  Yes, sir.
18  THE COURT:  And do you know where that application was
19  submitted?
20  THE DEFENDANT:  Yes, sir.
21  THE COURT:  Where?
22  THE DEFENDANT:  It was submitted somewhere in -- there
23  was a company that called me, the people that give the J1's.  I
24  don't remember.  I don't recall right now.
25  THE COURT:  OK.  And at the time you did that, you

                              PLEA

1    knew what you were doing was illegal?
2              THE DEFENDANT: I'm sorry?
3              THE COURT: You knew what you were doing was illegal
4    when you did that?
5              THE DEFENDANT: Yes.
6              THE COURT: Does the government have any other
7    questions it wish be asked?
8              MR. SKINNER: No other questions, your Honor. I would
9    make a factual proffer as to venue.
10             The government proffers that it can prove at trial,
11   beyond a reasonable doubt through the testimony of cooperating
12   witnesses and law enforcement witnesses who participated in the
13   underlying investigation as well as wiretap evidence on which
14   the defendant himself was overheard or in which the defendant
15   himself was referenced by his co-conspirators, that what
16   happened in this case was the Eastern European women were
17   brought into the United States and ended up working at strip
18   bars, some of which were located in Manhattan, and they falsely
19   represented under oath on their J1 visa applications that they
20   had jobs at the defendant's company when they did not in fact
21   work there. We would proffer that several of these women who
22   were co-conspirators, that they also made false statements as
23   part of the visa application, worked in Manhattan after coming
24   into New York.
25             THE COURT: Thank you.

1       Do you know of any reason why the defendant should not
2  plead guilty?
3       MR. SKINNER:  I do not, your Honor.
4       THE COURT:  Mr. Ferrante, do you know of any such
5  reason?
6       MR. FERRANTE:  I do not, your Honor.  Thank you.
7       THE COURT:  I am satisfied that the defendant
8  understands the nature of the charges against him and the
9  consequences of a plea of guilty.  I am also satisfied that the
10 plea is voluntary and knowing and that there is a factual basis
11 for it.  I will therefore recommend that Judge Marrero accept
12 the defendant's plea to Count Six of the Indictment.
13      Do we have a sentencing date?
14      MR. SKINNER:  We do not, your Honor.  I believe
15 defense counsel has an application with regard to the
16 sentencing date.
17      MR. FERRANTE:  I do, your Honor.
18      I have been in contact with the A.U.S.A.'s on this
19 case, and Mr. Zeledon has been in custody on this case because
20 there is a deportation hold on him, or I should say an
21 immigration hold on him.  He's now working with immigration
22 attorneys that have waivers in, and we agree that we would
23 expedite the sentencing and the presentence report to the best
24 that we could do it.  So I would ask if you put on the record
25 that the PSI be done as quickly as possible and that sentencing

C97dzelp
PLEA

1  be done on an expedited basis, because there is a good
2  likelihood that the time that he'll be in at this point will be
3  very close to or less than the agreed upon sentence, so we
4  don't want to go too far past that date.
5           THE COURT: I understand. I can certainly indicate to
6  Probation that the Pretrial Services -- I'm sorry, that the
7  presentence report should be expedited, which I am doing.
8           Why don't we set a control date that is a short way
9  out, and that way you can be in touch with Judge Marrero's
10 chambers and try and expedite the sentence.
11          MR. FERRANTE: That would be great.
12          THE COURT: Say a month?
13          MR. FERRANTE: Perfect.
14          THE COURT: October the 5th, then, as a control date.
15          And can the government provide the case statement to
16 Probation within the next two weeks?
17          MR. SKINNER: Yes, we can, your Honor. And we'll also
18 request an expedited transcript of the plea so that we can get
19 that in.
20          THE COURT: Very well. Thank you.
21          And, Mr. Ferrante, can you be available for your
22 client's interview within that period?
23          MR. FERRANTE: I will, your Honor. Thank you.
24          THE COURT: And I take it there are no requests with
25 respect to conditions of release at this point?

```
     C97dzelp
                              PLEA
 1        MR. FERRANTE:  No, your Honor.
 2        MR. SKINNER:   No, your Honor.
 3        THE COURT:  Thank you, all.
 4
 5                           -  -  -
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```